UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BRIGHT PEOPLE FOODS DBA
MCDOUGALL'S RIGHT FOODS,

        Plaintiff,

   v.

ALLIANCE SALES & MARKETING MW,
INC.,

        Defendant.

R & M INNOVATIONS LLC,

        Plaintiff,

   v.

ALLIANCE SALES & MARKETING MW,
INC., and DOES 1 TO 20,

        Defendants.

No. 2:24-cv-00060 WBS AC

ORDER RE: PARTIES' REQUESTS
TO SEAL

----oo0oo----

     Before the court is a veritable deluge of requests to
seal.  (Docket Nos. 56, 58, 60, 64, 69, 74, 76.)  Review of these

1

requests reveals that they are boilerplate filings that fail to provide non-trivial reasons for why they should be granted.

Local Rule 141 governs requests to seal.  Pursuant to this rule, "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law."  E.D. Cal. L.R. 141(a).  Parties making requests to seal must also "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the other documents, and all other relevant information."  L.R. 141(b).

Plaintiff's requests to seal (Docket Nos. 56, 58, 60, 74, 76) each state that they are being brought "pursuant to Local Rule 141 and the parties' Protective Order" and the confidentiality designations therein.  But the protective order explicitly informs the parties that "[t]he designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal."  (Docket No. 28 at 1.)  It also painstakingly reiterates the standard for granting a request to seal articulated within Local Rule 141. (See id. at 1-2.)  Finally, the protective order provides that "request[s] to seal material must normally meet the high threshold of showing that 'compelling reasons' support secrecy." (Id. at 2 (citing Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir.), cert. denied, 137 S. Ct. 38 (2016)).)

2

Plaintiff's requests to seal, which "fail[] to provide the court with any sealing authority other than protective order itself," must accordingly be denied because the protective order "by its own terms demands a far greater showing than was provided." Barr v. AutoZoners, LLC, No. 2:23-cv-2319 WBS AC, 2026 WL 440648, at *1 (E.D. Cal. Feb. 17, 2026). Defendants' requests to seal (Docket Nos. 64, 69) fare no better as they invoke no sealing authority at all. Accordingly, they, too, must be denied. See L.R. 141(b).

This court will not "accept motions to seal that fail to comply with the Local Rules and offer only boilerplate reasons to seal documents from the public domain." Bluetooth SIG, Inc. v. FCA US LLC, No. 2:18-cv-01493 RAJ, 2020 WL 2063561, at *2 (W.D. Wash. Apr. 29, 2020). Indeed, "[t]here are better uses of the parties' resources than filing pointless motions to seal, and better uses of the court's resources than resolving them." Brotherson v. Pro. Basketball Club, L.L.C., No. 07-cv-1787 RAJ, 2008 WL 11343114, at *2 (W.D. Wash. Nov. 26, 2008).

IT IS THEREFORE ORDERED that the parties' requests to seal (Docket Nos. 56, 58, 60, 64, 69, 74, 76) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that no further filing of requests to seal is permitted except with leave of court. See 28 U.S.C. § 1651(a); DeLong v. Hennessey, 912 F.2d 1144, 1146–47 (9th Cir. 1990) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions

3

under the appropriate circumstances." (citation modified)).

Dated:   March 31, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE