UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIGHT PEOPLE FOODS d.b.a.
MCDOUGALL'S RIGHT FOODS,

Plaintiff,

v.

ALLIANCE SALES & MARKETING
MW, INC.,

Defendants.

No.  2:24-cv-0060 WBS AC


ORDER


This matter is before the court on Alliance Sales & Marketing ("Alliance")'s motion for sanctions against Bright People Foods ("Bright People") for violation of an order issued on September 23, 2025 requiring certain depositions to be conducted no later than November 7, 2025 (ECF No. 36).  ECF No. 61.  The November deadline was not met, but the depositions were ultimately conducted.  ECF No. 61 at 14.  Having carefully considered the papers and the arguments of the parties, the motion for sanctions is DENIED in its entirety.

**I.    Introduction**

This case was removed from state court on January 8, 2024.  ECF No. 1.  It is an action for money damages and declaratory judgment arising from the alleged breach of a brokerage agreement.  ECF No. 1, 6.  An initial pretrial scheduling order was issued on May 29, 2024.  ECF No. 16.  That order contained a fact discovery deadline of December 5, 2025.  ECF No. 16.  On

1

September 23, 2025, the parties appeared before the undersigned for an informal discovery conference. ECF No. 36. A minute order was issued following that conference, which reads in relevant part: "Following discussion, the court ruled as follows: (1) defendant shall produce to plaintiffs the identities of the clients referenced in response to Interrogatory No. 26; (2) the four outstanding depositions shall be conducted no later than November 7, 2025; and (3) the parties shall, no later than September 30, 2025, file a stipulation and proposed order to modify the scheduling order. The trial date may not be affected." Id. A modified scheduling order was issued on December 9, 2025, setting a new fact discovery date of February 26, 2026. ECF No. 48.

## II.    Motion

Alliance filed the instant motion for evidentiary sanctions on March 12, 2026. ECF No. 61. Alliance contends that Bright People improperly failed to comply with the court's September 23, 2025, order by failing to produce deponents by November 7, 2025, and failed to appear repeatedly at multiple depositions throughout December and February. Alliance seeks an award of attorney's fees in the amount of $26,691.75 for 34.7 hours of attorney time, and $6,599.65 in costs. ECF No. 61-19 at 4.

## III.    Analysis

Federal Rule of Civil Procedure 37 "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) (citation omitted). Having reviewed the arguments of both parties (ECF Nos. 61, 66, 77), the court finds that sanctions are not warranted. The discovery deadline that Alliance asserts Bright People should be sanctioned for violating expired more than 120 days before Alliance brought the motion at bar. By the time Alliance brought the motion, all of the relevant depositions have been taken. The court is disinclined to impose sanctions for an order that was disobeyed months ago but not brought to the court's attention until recently. The fact that all of the depositions were ultimately taken further counsels against an award of sanctions.

Alliance also raises Bright People's witnesses' failure to appear at multiple depositions in December and February as grounds for sanctions.  ECF No. 61 at 6-8.  Again, the motion comes too late.  If nonappearance was an issue, it should have been brought to the court's attention after the first instance so that it could be substantively addressed.  Instead, Alliance repeatedly appeared at depositions that it knew or could have known were not going to go forward, incurring costs that it now seeks to recover via a sanctions order.  See ECF No. 61 at 14-15.  The court does not believe that sanctions are appropriate under the circumstances here; a substantial portion of the costs incurred could and should have been avoided, and Alliance could and should have sought timelier intervention from the court.  Sanctions are inappropriate at this juncture.

### IV.   Conclusion

For the reasons explained above, the motion for sanctions (ECF No. 61) is DENIED.  The court will not order sanctions against either party; each party shall bear its own fees and costs.

IT IS SO ORDERED.

DATED: April 8, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE